```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

                                                                                **Hon. Hugh B. Scott**

               v.

                                                                                  07CR142A

                                                                                  **Report**
                                                                                      **&**

ROBERTO E. NAVARRO,                                **Recommendation**
EDWIN VELEZ,
MILDRED RIVERA,
ZELMALY TORRES,
                          Defendants.

      This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 19).

      The instant matter before the Court is defendant Edwin Velez' omnibus motion (Docket No. 77[1]); pertinent to this Report & Recommendation, defendant Velez seeks suppression of statements when he was not advised of his <u>Miranda</u> rights and suppression of Rule 404(b) evidence at trial (see <u>id.</u> Def. Atty. Affirm. ¶¶ 10-12). He sought a suppression hearing (<u>id.</u> ¶ 11)

---

[1] In support of this motion is defense counsel's supporting affirmation, Docket No. 77, new defense counsel's memorandum, Docket No. 99, his subsequent memorandum (with attached memorandum, repeating the earlier filed memorandum, Docket No. 99), Docket No. 106, and his third memorandum (with exhibits), Docket No. 114.
     In opposition, the Government filed a separate initial response, Docket No. 78, and its post-hearing response, Docket No. 113.

and the Government conceded that a hearing may be necessary as to defendant's statements (Docket No. 78, Gov't Response at 15). Following that hearing, defendant also moved to suppress drugs seized from Velez' alleged safe as a poisoned fruit of the custodial interrogation (see Docket No. 99, Def. Memo.). Separately, this Court will consider the other relief sought in this motion (namely, discovery, submission of a bill of particulars, severance, and disclosure for Federal Rule of Evidence 404(b), 608, and 609 evidence) (Docket No. 77).

Suppression hearing was begun on June 1, 2009 (Docket No. 98), and continued to June 22, 2009 (see Docket No. 100), where the Government orally and initially conceded that Velez was not advised of his Miranda warnings prior to making his statement (id.). The parties were given until July 7, 2009, in order to file post-hearing submissions (id.). A formal stipulation regarding whether these warnings were given or not was not reached (see Docket No. 106, Def. Memo. ¶ 4). A status conference was held on August 5, 2009, since neither party submitted post-hearing materials (Docket No. 104), and the parties later were given until August 14, 2009, to make these submissions (Docket No. 108). Velez (Docket Nos. 106, 114) and the Government (Docket No. 113) each submitted their post-hearing materials and the motion was deemed submitted as of August 14, 2009.

**BACKGROUND**

Velez was charged with three other defendants in a five-count Second Superseding Indictment with conspiracy to distribute controlled substances (cocaine) on or about January 16, 2007, in violation of 21 U.S.C. § 841; use of the U.S. mail to commit felonies, also on or about January 16, 2007, in violation of 21 U.S.C. §§ 841, 846, 2; and knowingly possessing cocaine with the intent to distribute (with defendant Mildred Rivera), on or about February 6, 2008, in

violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Docket No. 61, 2d Superseding Indictment, Counts 1, 2, 5[2]).

This case initially arose from the United States Drug Enforcement Administration ("DEA") and postal inspectors conducting a controlled delivery of an Express Mail package addressed to a "Y. Prado" at 66 Kenefick Avenue, apartment 2, Buffalo, New York (Docket Nos. 40, 43, Gov't Responses at 1). Details of this part of the investigation were recounted in an earlier Report & Recommendation regarding defendants Rosa and Torres' motions to suppress (Docket No. 48, Report & Rec. at 2-4) and will not be repeated here.

Relevant to Velez' present motion is a subsequent search conducted on February 6, 2008.

*Velez' Motion to Suppress*

Velez seeks to suppress statements he made and physical evidence seized on February 6, 2008, during the search of his home at 116 Crowley Street, Buffalo, New York. Special Agent Joseph Bongiovanni of the DEA testified that Velez was arrested on February 6 near his Crowley Street house as Velez exited his vehicle. Bongiovanni handcuffed Velez and placed him in a police car. (Docket No. 99, Def. Memo. ¶ 2). Meanwhile other agents searched 116 Crowley, pursuant to a search warrant (Docket No. 113, Gov't Response at 2) and found a safe.

---

[2]This Second Superseding Indictment also charged defendant Roberto Navarro with unlawful possession of 500 grams or more of cocaine on January 11, 2007, Docket No. 61, 2d Superseding Indict., Count 3, while charging Velez and Zelmaly Torres with possession of a similar amount of cocaine on January 16, 2007, id. Count 4.
 Navarro pleaded guilty, see Docket No. 85, and awaiting sentencing, see Docket No. 103 (sentencing scheduled for November 6, 2009). Torres also pleaded guilty, Docket No. 112, and is awaiting sentencing, see Docket No. 115. A fifth defendant, Betzaida Rosa, was charged in an earlier superseding Indictment, see Docket No. 27, and separately pled guilty, text minute entry June 11, 2008, and is awaiting sentencing, see Docket No. 117 (to be sentenced December 8, 2009).

Bongiovanni called another DEA agent, Brian Conneely, who held Velez in custody and Bongiovanni told Conneely that they found a safe inside defendant's house. Conneely called Bongiovanni back and told him the combination for the safe and advised Bongiovanni that Velez had stated that there were drugs in the safe. (Id. at 2-3,) That safe was then brought to the police car and agents asked Velez how to open it. Ultimately, Velez told the agents the combination and, as Bongiovanni testified, physically assisted in opening the safe (id. at 3). Velez had not been advised his Miranda rights prior to being asked how to open his safe. Once opened, heroin and cocaine were found in the safe. (Docket No. 99, Def. Memo. ¶¶ 2, 3, 4.)

Velez moves to suppress the drugs found in the safe, arguing that the drugs are fruit of the poisonous tree, see Wong Sun v. United States, 371 U.S. 471 (1963), since he was not advised of his Miranda rights when asked how to open the safe (Docket No. 99, Def. Memo. ¶¶ 5, 8-9, 14; Docket No. 106, Def. Memo. ¶ 3; Docket No. 114, Def. Memo. ¶ 2). He contends that he was in custody when questioned about opening the safe, hence he was in custodial interrogation requiring warnings before allowing his statements (or subsequent evidence) to be used against him (Docket No. 99, Def. Memo. ¶ 6). The Government concedes that Bongiovanni testified that he had arrested Velez prior to Velez' statements and that Bongiovanni had not advised Velez of his rights (see Docket No. 113, Gov't Response at 2). Velez' new counsel argues that his motion to suppress the physical evidence should be allowed to proceed despite not being raised in his initial moving papers because of the change in counsel (Docket No. 99, Def. Memo. ¶¶ 11-12).

The Government, in its post-hearing submission, argues that the safe was discovered before defendant was questioned and made any statements (Docket No. 113, Gov't Response at 3). The seizure of the safe (and presumably its contents) was permissible under the terms of the

search warrant (id. at 4, 5) since the search of fixed premises extends to containers found therein (id. at 5, quoting United States v. Ross, 456 U.S. 798, 821 (1982)).

Defendant replies that the search warrant listed the schedule of items subject to search and seizure and it did not list a safe, thus seizure of the safe cannot be justified under that warrant (Docket No. 114, Def. Memo. ¶¶ 8-10, Ex. 2). The schedule of items to be seized under that warrant lists cocaine, heroin, other controlled substances, books, records, valuables, and instrumentalities used in drug transactions (cf. id., Ex. 2[3]) but does not list safes or similar containers. "The bottom line," as Velez puts it, is that the agents obtained defendant's statement as to how to open the safe without advising him of his rights and, once opening the safe, obtained incriminating evidence (id. ¶ 7).

## DISCUSSION

I.   Waiver

An initial issue is whether defendant waived his motion to suppress the physical evidence when he failed to raise it with his motion to suppress his statement. During the hearing, the Government argued that Velez waived suppression of the drugs because they were not asserted in his motion (which sought only to suppress his statements) (cf. Docket No. 99, Def. Memo. ¶ 10). Defendant argues that he was in custody when his statements were made without being advised of his rights, in particular disclosing the combination of the safe, and the statements should be suppressed as well any subsequently seized evidence is the fruit of the poisoned tree (id. ¶ 5), see Wong Sun, supra, 371 U.S. at 488; Nardone v. United States, 308 U.S. 338, 341 (1939). Velez' counsel also notes that he is the second attorney to represent him, that, while adopting prior

---

[3]Attached to this Report is a copy of the Schedule of Items to be Seized.

counsel's motions, new facts arose in the evidentiary hearing that warrant a further motion (id. ¶ 11).

The statements defendant moved to suppress go to the same issue in this present motion to suppress the physical evidence; defendant's admission about the contents of the safe and the combination and means for opening the safe.  Thus, the Court **will consider defendant's motion to suppress the physical evidence** as well as his motion to suppress his statements.

II. Defendant's Motions to Suppress

Two sets of constitutional rights are implicated in defendant's motions to suppress.  First, he is invoking (among other rights within the Miranda warnings) his Fifth Amendment rights under Miranda against self-incrimination (applicable for his statements and, under the fruit of the poisonous tree doctrine, subsequently obtained physical evidence) and, second, he is invoking his rights against unreasonable search and seizure under the Fourth Amendment.

    A.    Miranda Standard

Miranda v. Arizona, 384 U.S. 436, 467 (1966), holds that in custody interrogation was inherently coercive and, as a prophylactic measure, the Supreme Court formulated "the 'now-familiar procedural safeguards,'" Acosta v. Artuz, No.05-4196-pr, 2009 U.S. App. LEXIS 17229, at *29 (2d Cir. Aug. 4, 2009) (quoting Colorado v. Spring, 479 U.S. 564, 572 (1987)), of warnings advising the suspect of his rights to secure his privilege against self-incrimination, Acosta, supra, 2009 U.S. App. LEXIS 17229, at *29; Spring, supra, 479 U.S. at 572.

Here, the Government does not contest that Velez was not advised of his Miranda warnings prior to his statements about the contents of the safe and the means of opening it or that

Velez was under arrest when he made these statements. Thus, these statements should be **suppressed**.

The next issue involves the purported fruit of those statements, the seized drugs. The Government argues that defendant wrongly believes that his statements led to the safe (and in turn to its contents) (Docket No. 113, Gov't Response at 6). Defendant's statement merely allowed the Government easier access into the safe that was detected by the drug canine alerting in the closet where the safe was found for the residue of narcotics. Thus, on this basis, the seized physical evidence from this safe **should not be considered fruit of the poisoned tree** and defendant's motion to suppress this evidence **should be denied on this basis**.

B.    Fourth Amendment

Velez argues that the search warrant was not particularized sufficiently to include searching and seizing the safe, relying upon the sealed container in a warrantless automobile search case, Robbins v. California, 453 U.S. 420 (1981) (see Docket No. 114, Def. Memo. ¶¶ 4-6). The Government contends that the safe could be searched and seized since the warrant called for searching for contraband and instrumentalities of drug distribution (Docket No. 113, Gov't Response at 5-6, citing California v. Acevedo, 500 U.S. 565, 580 (1991) (container search allowed in warrantless automobile search); see also United States v. Kyles, 40 F.3d 519, 523-24 (2d Cir. 1994) (search of individual rooms in premises identified in warrant)). Robbins involved the exception to a warrantless search when the target is an automobile but recognized that sealed containers within automobiles deserve constitutional protection, 453 U.S. at 423-25. This case, however, involves the search of a house and the containers therein, so Robbins and like cases are distinguishable. Ross, the case cited by the Government (see Docket No. 115, Gov't Response at

5) was also an automobile warrantless search case, but it discussed the nature of searches of containers in fixed premises like a home and the extension of a search warrant of a home to the containers therein, 456 U.S. at 821 (see id.). But the key here for a search of fixed premises is that it is authorized by a warrant that identifies where to search and what can be seized.

The requirement under the Fourth Amendment for particularity in the items to be seized under a search warrant, that is "no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and <u>particularly describing</u> the place to be searched, and the persons or <u>things to be seized</u>," U.S. Const. Amend. IV (emphasis added), is to "protect against all general searches," those "deemed obnoxious to fundamental principles of liberty" from before the creation of this government, and to prevent "the issuance of warrants on loose, vague or doubtful bases of fact," <u>Go-Bart Importing Co. v. United States</u>, 282 U.S. 344, 357 (1931).

The Government argues that the warrant permitted the agents to search for (among other items) "the fruits and instrumentalities of drug distribution" (Docket No. 113, Gov't Response at 5). Here, the search warrant's schedule of items to be seized do not mention a safe as an item to be seized or refer generally to storage containers for controlled substances. This schedule does list (among other items, see attachment, Docket No. 114, Ex. A) "cocaine, heroin, other controlled substances," "books, records, receipts, notes, ledgers . . . and other papers relating to the transportation, ordering, sale and distribution of controlled substances," "keys to safe deposit boxes," and "paraphernalia for the packaging, diluting, cutting, weighing, processing and distributing of controlled substances, including scales, plastic bags, cutting agents and utensils" (attachment, Docket No. 114, Ex. A). Unlike the warrant upheld in <u>People v. Fletcher</u>, 260 Mich. App. 531, 545-51, 679 N.W.2d 127, 137-40 (2004), this schedule does not include a

8

broader reference to seizing items of evidence of possession of contraband; in Fletcher, a search for evidence of a fatal shooting authorized the seizure of letters from a brown expandable envelope that showed defendant's affair as evidence of motive, see also United States v. Edwards, No. 09-10845, 2009 U.S. App. LEXIS 19332 at *4 (11th Cir. Aug. 29, 2009) (warrant expressly authorized seizure of safes and strong boxes in drug investigation); United States v. Washington, 852 F.2d 803, 805 (4th Cir.) (warrant authorizing seizure of drugs and any other items of evidence adequately specified items to be seized), cert. denied, 488 U.S. 974 (1988).

The Eighth Circuit, in United States v. Martin, 866 F.2d 972, 979 (8th Cir. 1989), upheld the seizure of defendant's police scanner and address book pursuant to a warrant to search his home for drugs and drug paraphernalia where the scanner and address book were sufficiently related to the crime described in the warrant, in particular, the scanner was found to be discovered during the execution of a valid search warrant and reasonably constitutes evidence of a crime. According to agent Bongiovanni's testimony, a drug-trained dog used in the search of Velez' home alerted to a closet where the safe was found.

Despite the detailed listing of objects subject to seizure under this warrant and its omission of a safe (or other potential containers for contraband), the search leading to this safe was not the general search that the Fourth Amendment particularity clause was designed to prevent. Thus, defendant's motion to suppress the seized contraband from the safe should be **denied**.

## CONCLUSION

Based upon the above, defendant Velez' motion to suppress his statements (Docket No. 77) should be **granted**, the Court grants Velez leave to move to suppress physical evidence seized (see Docket No. 99) and that motion should be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                                   */s/ Hugh B. Scott*
                                                   Hon. Hugh B. Scott
                                                   United States Magistrate Judge

Dated: Buffalo, New York
       September 14, 2009

Attachment–Schedule of Items to Be Seized